# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| James Edward Rose, Jr., | )<br>) Civil Action No.: 4:18-cv-02360-JMC |
| Plaintiff, | ) |
| v. | ) **ORDER AND OPINION** |
| Court of General Sessions and the<br>Honorable Diane S. Goodstein, | ) |
| Defendants. | ) |

Plaintiff James Edward Rose, Jr., who is proceeding *pro se*,[1] brought this action against the above-captioned Defendants apparently seeking a writ of mandamus. (*See* ECF No. 1.) This matter is before the court upon review of the Report and Recommendation issued by the Magistrate Judge ("Report"). (ECF No. 8.) The Report recommended the court dismiss this case because the court lacked subject matter jurisdiction. (ECF No. 8 at 3.) Plaintiff filed Objections to the Report. (*See* ECF No. 10.) For the reasons set forth below, the court **ACCEPTS** the Report and adopts its findings herein (ECF No. 8) and **DISMISSES** the instant case without prejudice and without issuance and service of process.

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. In essence, it appears Plaintiff seeks a writ of mandamus based primarily upon actions taken by a state court judge in a state court proceeding. (*See* ECF No. 1.)

---

[1] "Because he is a *pro se* litigant, Plaintiff's pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solicitor's Office*, Civil Action No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for Plaintiff; the court is not required to recognize Plaintiff's claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

1

In the Report, the Magistrate Judge suggested this case be dismissed for lack of subject matter jurisdiction. (ECF No. 8 at 3.) The Magistrate Judge began by explaining the court must have subject matter jurisdiction to hear claims. (*Id.* at 2-3.) The Magistrate Judge then proceeded to explain why the court lacked jurisdiction for mandamus relief in this case: first, "[o]n its face, [28 U.S.C.] § 1361 extends federal mandamus jurisdiction *only* to federal officers or employees"; and second, "[e]ven if [Plaintiff] argued jurisdiction arises from 28 U.S.C. § 1651, the 'all writs statute,' as a source of mandamus authority, relief would still be unavailable because a writ of mandamus is limited to cases where federal courts are acting in aid of their respective jurisdictions." (ECF No. 8 at 3 (citing *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587–588 & nn. 2-4 (4th Cir. 1969)).) *See In Hondl v. N. Dakota Cty. of Stark*, No. 5:18-CV-02686-RBH-KDW, 2018 WL 6729662, at *2 (D.S.C. Oct. 15, 2018), *report and recommendation adopted*, No. 5:18-CV-02686-RBH, 2018 WL 6726231 (D.S.C. Dec. 20, 2018). Thus, the Magistrate Judge determined that "even if [Plaintiff] could show entitlement to the drastic remedy of a writ of mandamus, this [c]ourt would lack jurisdiction under §§ 1361 and/or 1651 to grant such relief against a State official." (ECF No. 8 at 3.)

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Id.* The court reviews *de novo* only those portions of the Report and Recommendation to which specific objections are filed. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Yet when no party offers timely, specific objections, the court "need not conduct a *de novo* review, but instead must only satisfy itself that

there is no clear error on the face of the record . . . to accept the recommendation." *Id.* at 315 (quoting FED. R. CIV. P. 72 advisory committee's note); *see Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) (stating the court is not required to explain the Report's adoption if no party offers specific objections). The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Here, the court concludes Plaintiff's objections either restate arguments that were adequately addressed by the Report or are unspecific, irrelevant, or unmeritorious.[2] (*See* ECF No. 10.) A *de novo* review is thus unnecessary because Plaintiff has "failed to guide the [c]ourt towards specific issues needing resolution[.]" *Nichols*, 100 F. Supp. 3d at 498 (holding that a claimant failed to raise specific objections when he repeated arguments raised in his initial brief). The court declines to hear Plaintiff's reused, ambiguous, or insubstantial contentions. *Orpiano*, 687 F.2d at 47. The court finds the Report adequately addresses Plaintiff's objections and properly analyzes the relevant issues. *See Fray v. Berryhill*, No. 6:16-CV-2916-TMC, 2018 WL 1224687, at *5 (D.S.C. Mar. 9, 2018) (adopting a Magistrate Judge's report in which the court concurred "with both the reasoning and the result"). The court finds no clear error on the face of the record and adopts the Report herein. Plaintiff's objections are overruled.

Thus, the court **ACCEPTS** the Report and adopts the findings herein (ECF No. 8) and **DISMISSES** this case without prejudice.

---

[2] For example, Plaintiff insists that, because the state court judge "got up and left the bench" during certain judicial proceedings, "the [j]udge has abandoned this case, and this case is now to be closed with prejudice. Maxim: He who leaves the field of battle first loses by default." (ECF No. 10 at 1.) Plaintiff also appears to contend that he does "not understand [his state criminal] charges" and does "not consent. So without jurisdiction all criminal proceedings are a nullity . . . . So let me go." (*Id.* at 4 (citation omitted).)

3

**IT IS SO ORDERED**.

_J. Michelle Childs_
United States District Judge

June 25, 2021
Columbia, South Carolina